HERMAN PERSSON, Respondent, *v.* GULF REFINING COMPANY, Appellant.

Second Department, February 14, 1930.

*Harold V. Angevine* [*James I. Cuff* and *Grattan B. Shults* with him on the brief], for the appellant.

*Silas Blake Axtell* [*Lester E. Mosher* with him on the brief], for the respondent.

PER CURIAM. No negligence on the part of the defendant was established in this record, so far as it related to the first cause of action, which was assumed to be one under the Jones Act (Merchant Marine Act of 1920 [41 U. S. Stat. at Large, 1007], § 33; now U. S. Code, tit. 46, § 688), and which was made the subject of question No. 1 in the special verdict of the jury. Testimony, however, was adduced, credited by the jury, which established defendant's liability under the second cause of action, which should be construed as an action for compensatory damages for breach of the defendant's duty to furnish to the plaintiff, with reasonable promptness, cure for injuries received aboard ship. The jury could properly hold that this duty was breached and that this plaintiff should have been given medical treatment at the available marine hospitals in the ports that the vessel passed *en route* to Port Arthur, Texas. The allegations in the second cause of action, so far as

they might be construed to allege a cause of action other than that just stated, should be disregarded as surplusage. On such a view, the complaint may not be deemed to contain inconsistent causes of action between which an election by the plaintiff might properly be required on the motion of the defendant. It may well be that the deduction for contributory negligence had reference only to a liability of the defendant founded upon the first cause of action in the first question, which cause of action is eliminated as a basis for liability under the foregoing; but of this the plaintiff does not complain, so far as it affects his recovery under the second cause of action and under the second question submitted to the jury.

The judgment and order should be affirmed, with costs.

YOUNG, KAPPER, HAGARTY and CARSWELL, JJ., concur; LAZANSKY, P. J., concurs in result.

Judgment and order unanimously affirmed, with costs.